# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>                Plaintiff,<br><br>        v.<br><br>C. PFEIFFER, et al.,<br><br>                Defendants. | Case No.: 1:20-cv-01522-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF NOT BE ALLOWED TO PROCEED *IN FORMA PAUPERIS* IN THIS ACTION |

Plaintiff Guillermo Trujillo Cruz is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on October 29, 2020.  (ECF No. 1.)  Plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court recommends that Plaintiff not be allowed to proceed *in forma pauperis* and that Plaintiff instead be required to pay the filing fee if he wishes to proceed with this action.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011).  Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma

pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following cases: (1) Trujillo v. Sherman, Case No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissed on April 24, 2015 for failure to state a claim); *aff'd* Case No. 15-15952 (9th Cir. May 6, 2016); (2) Trujillo v. Ruiz, No. 1:14-cv-00975-SAB (E.D. Cal.) (dismissed on January 6, 2016 for failure to state a claim), *aff'd*, Case No. 16-15101 (9th Cir. December 15, 2017); (3) Cruz v. Gomez, Case No. 1:15-cv-00859-EPG (E.D. Cal.) (dismissed on February 3, 2017 for failure to state a claim), *aff'd*, Case No. 17-15358 (9th Cir. October 25, 2017); and (4) Trujillo v. Gonzalez-Moran, Case No. 17-15200 (9th Cir.) (dismissed on August 21, 2017 as frivolous). Plaintiff has been informed in other cases that he is subject to § 1915(g).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on October 29, 2020.[1] Andrews, 493 F.3d at

---

[1] Under the mailbox rule, a prisoner's pleading is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001). "Nonetheless, a court need not treat a document as filed on the date it was purportedly submitted to prison staff for mailing, when the gap between that date and the postmark date is so long that the claimed submission date appears implausible. If the prisoner alleges that he gave a document to staff for mailing on a certain date and the envelope was not postmarked by the Post Office until weeks later, the Court might reasonably conclude—absent evidence to the contrary beyond the prisoner's mere assertion, such as a prison outgoing-mail log—that the prisoner submitted the document for mailing later than he claimed he did." Wolff v. California, 236 F.Supp.3d 1154, 1158 (C.D. Cal. Feb. 22, 2017). Here, Plaintiff's complaint is self-dated September 30, 2019; however, it was not filed in this Court until October 29, 2020. Because the gap between Plaintiff's date and the date of filing in this Court (almost one year) is implausible, and Plaintiff presents no evidence to the contrary, the Court finds that Plaintiff filed in this action within a plausible time of the October 29, 2020, filing date.

1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  Plaintiff alleges that he was assaulted in August 2018 and transferred to a different institution in retaliation.  Plaintiff's allegations fail to plausibly demonstrate that he was in imminent danger of serious physical injury.  "Vague and conclusory assertions regarding withheld medical treatment are insufficient to satisfy the imminent danger standard."  Manago v. Gonzalez, No. 1:11-cv-01269-GBC (PC), 2012 WL 439404, at *2 (E.D. Cal. Feb. 9, 2012), vacated June 20, 2012 (on grounds that erroneous gang validation put prisoner at imminent risk from documented enemies) (citations omitted).  Plaintiff's assertion that he was assaulted in August 2018 at Kern Valley State Prison, without more, is insufficient to show an ongoing pattern of behavior by other inmates or by any of the named Defendants that placed Plaintiff in imminent danger of serious physical injury.  Accordingly, the imminent danger exception to § 1915(g)'s three-strikes provision cannot and does not apply here, and Plaintiff is precluded from proceeding *in forma pauperis* in this action.

## II.
## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed *in forma pauperis* and instead be directed to pay the $400.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 30, 2020**

UNITED STATES MAGISTRATE JUDGE