UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>  Plaintiff,<br><br>  v.<br><br>C. PFEIFFER, et al.,<br><br>  Defendants. | Case No.: 1:20-cv-01522-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION<br><br>(Doc. No. 10) |

Plaintiff Guillermo Trujillo Cruz is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 30, 2020, the assigned Magistrate Judge issued Findings and Recommendations recommending that Plaintiff not be allowed to proceed in forma pauperis in this action because he has suffered three or more strikes under 28 U.S.C. § 1915(g), and failed to demonstrate imminent danger of serious physical injury. (Doc. No. 4.) With regard to the imminent danger exception, the Magistrate Judge specifically noted as follows:

> Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing. Plaintiff alleges that he was assaulted in August 2018 and transferred to a different institution in retaliation. Plaintiff's allegations fail to plausibly demonstrate that he was in imminent danger of serious physical injury. "Vague and conclusory assertions regarding withheld medical treatment are insufficient to satisfy the imminent danger standard." Manago v. Gonzalez, No. 1:11-cv-01269-GBC (PC), 2012 WL 439404, at *2 (E.D. Cal. Feb. 9, 2012), vacated June 20, 2012 (on grounds that erroneous gang validation put prisoner at imminent risk from documented enemies) (citations omitted). Plaintiff's assertion that he was assaulted in August 2018 at Kern Valley State Prison, without more, is insufficient to show an ongoing pattern of behavior by other inmates or by any of the named Defendants that placed Plaintiff in imminent danger of serious physical injury.

1

>Accordingly, the imminent danger exception to § 1915(g)'s three-strikes provision cannot and does not apply here, and Plaintiff is precluded from proceeding *in forma pauperis* in this action.

(Doc. No. 4 at 3.)

On December 21, 2020, the undersigned adopted the Magistrate Judge's Findings and Recommendations and directed Plaintiff to pay the $400.00 filing fee within twenty-one days. (Doc. No. 9.)

On January 6, 2021, Plaintiff filed a motion for clarification of the Court's December 21, 2020 order. (Doc. No. 10.) Plaintiff contends the Court misinterpreted his allegations regarding the imminent danger exception. Plaintiff argues Defendants Pfeiffer, Sullivan and Arlie threatened him with verbal threats of physical harm to his health and safety by ordering an assault upon him for exercising his rights through the grievance process. (Id. at 1.) Plaintiff also contends Defendants threatened him with an adverse transfer to North Kern State Prison to have the assault accomplished. (Id.) Plaintiff then contends that on November 14, 2020 he was assaulted by two inmates based on an administrative appeal he submitted on October 5, 2020. (Id. at 2.)

The Court construes Plaintiff's motion for clarification as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Under Rule 60(b) a court may relieve a party from a final judgment or order if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

2

1   Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of
2   harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the
3   "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a
4   threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

5       Here, as stated in the Findings and Recommendations, nothing in plaintiff's complaint suggests
6   he faced any "ongoing danger" of serious physical injury sufficient to "meet the imminence prong of
7   the three-strikes exception" at the time he filed his complaint. Cervantes, 493 F.3d at 1057. Rather,
8   Plaintiff's allegations involve an assault that allegedly took place in August 2018, over two years
9   before the instant action was filed.

10      In his motion for clarification, Plaintiff contends that he was assaulted by two other inmates in
11  November 2020, after the complaint was filed, because he filed an administrative appeal against
12  Defendants. However, the determination of whether an inmate faces imminent danger of serious
13  physical injury is determined by the factual allegations that were at the time the complaint was filed.
14  Therefore, Plaintiff's allegations that he was assaulted after he filed the complaint belie his assertions
15  that he faced imminent danger of serious physical injury at the time he filed the complaint. See
16  Cervantes, 493 F.3d at 1055 ("The exception [under § 1915(g) ] applies if the complaint makes a
17  plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of
18  filing."). Moreover, plaintiff's vague allegation that Defendants subjected him to unspecified verbal
19  threats of physical harm to his health and safety based on the filing of administrative appeals is not
20  sufficient to demonstrate imminent danger of serious physical injury at the time the complaint was
21  filed.

22      In sum, contrary to Plaintiff's assertions, allegations of prior assaults which took place more
23  than two years prior to filing the complaint fail to demonstrate that he was faced with an imminent
24  danger of serious physical harm at the time he filed his complaint.  In addition, Plaintiff's allegations
25  that he was assaulted by two inmates in November 2020-after he filed the instant does not demonstrate
26  imminent danger of serious physical harm at the time of filing.

27
28

3

**ORDER**

Accordingly, IT IS HEREBY ORDERD that:

1. Plaintiff's motion for reconsideration/clarification (Doc. No. 10) is DENIED;
2. Plaintiff is directed to pay the filing fee within fourteen (14) days from the date of service of this order;
3. Failure to timely pay the filing fee will result in the dismissal and closure of this case without further notice.

IT IS SO ORDERED.

Dated: January 28, 2021

SENIOR DISTRICT JUDGE