**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-01522-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REGARDING PAYMENT OF FILING FEE<br><br>(ECF No. 15) |

     Plaintiff Guillermo Trujillo Cruz is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

     On December 21, 2020, Plaintiff was directed to pay the $400.00 filing fee in full within fourteen days because he has suffered three or more strikes under 28 U.S.C. §1915(g) and he failed to demonstrate imminent danger of physical harm. (ECF No. 9.)

     On January 28, 2021, the Court denied Plaintiff's motion for reconsideration of the Court's December 21, 2020 order and directed Plaintiff to pay the $400.00 filing in fee within fourteen days or the action would be closed without future notice. (ECF No. 11.)

     On February 17, 2021, the Court granted Plaintiff's request for a thirty day extension of time to submit the filing fee. (ECF No. 14.)

     On March 24, 2021, Plaintiff filed a motion requesting that the Court allow him to pay the filing in fee by way of installment payments.

     Plaintiff misunderstands the relevance of the three strikes provision set forth in 28 U.S.C. § 1915. Payment of the filing fee is a statutory prerequisite to a civil action in federal district court. *See* 28 U.S.C. § 1914 (filing fee a statutory prerequisite to commencing civil action in federal district court). In other words, Plaintiff – like all other plaintiffs – must pay a filing fee in order to commence

1

a civil action in federal district court.  However, 28 U.S.C. § 1915 allows district courts to grant a plaintiff leave to proceed *in forma pauperis.* 28 U.S.C. § 1915.  *In forma pauperis* status allows prisoner-plaintiffs, who have fulfilled certain requirements, to commence an action prior to paying the entire filing fee.  Nonetheless, the prisoner is still required to pay the full amount of the filing fee, but the prisoner may pay the filing fee in installments. 28 U.S.C. § 1915(b). However, Section 1915 prohibits a court from granting *in forma pauperis* status to a prisoner-plaintiff who "has, on 3 or more prior occasions ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In other words, where a prisoner-plaintiff has not paid the filing fee, the threshold question (and therefore relevant question) is whether the prisoner-plaintiff may proceed *in forma pauperis.*

If the prisoner-plaintiff is granted leave to proceed *in forma pauperis*, the action proceeds without prepayment of the filing fee and the prisoner-plaintiff pays the filing fee in installment payments. If the prisoner-plaintiff is denied leave to proceed *in forma pauperis*, the prisoner-plaintiff must pay the filing fee before the action can proceed, as is the case for all other plaintiffs.

Here, because Plaintiff's application for leave to proceed *in forma pauperis* was denied and he was not in imminent danger at the time he filed this action, Plaintiff may only proceed in this action if he first pays the filing fee in full. See 28 U.S.C. § 1915(g).  Plaintiff is granted **twenty (20)** days from the date of service of this order to pay the filing fee in full, or the action will be dismissed by the District Judge.  In addition, no further extensions of time will be granted, absent extraordinary circumstances not present here.

IT IS SO ORDERED.

Dated:   **March 25, 2021**

UNITED STATES MAGISTRATE JUDGE

2